WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Lois Cox, | No. CV-17-00335-TUC-DCB |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

On July 25, 2018, the Court reversed the final decision of the Defendant, Nancy A. Berryhill, Acting Commissioner of Social Security (Commissioner), without a remand for a rehearing and awarded benefits, (Order (Doc. 17)), and entered Judgment (Doc. 18) for the Plaintiff. Accordingly, the Plaintiff is a prevailing party. 42 U.S.C. § 405(g); *Shalala v. Schaefer*, 509 U.S. 292, 296-97 & n.2 (1993). She meets the statutory requirement for an award of attorney fees because her net worth did not exceed $2,000,000 when the civil action was filed. 28 U.S.C. § 2412(d)(2)(B). The purpose of an attorney fee award under the Equal Access to Justice Act (EAJA) is to enable private litigants, like the Plaintiff, to afford the expense of seeking review of unreasonable government action and to encourage litigants of limited means, like the Plaintiff, to vindicate their rights. *Scarborough v. Principi*, 541 U.S. 401, 417 (2004).

Plaintiff is entitled to attorney fees under the EAJA if the Commissioner's position was not substantially justified. 28 U.S.C. § 2412(d)(1)(B). The Commissioner has the burden of persuasion to show that her position was substantially justified, *Scarborough,*

541 U.S. at 414-15, meaning the Commissioner's position had a reasonable basis in law and in fact, *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988). When substantial evidence does not support an agency's decision, only in a decidedly unusual case will the government's position be substantially justified. *Campbell v. Astrue*, 736 F.3d 867, 869 (9th Cir. 2013); *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005).

Plaintiff's Amended Motion seeks such an award of attorney fees in the amount of $4,636.41, and Defendant has no objection.

After reviewing the record, the Court finds that the agency's decision was not substantially justified, i.e., it did not have a reasonable basis in law or fact. The Court finds the amount requested for attorney fees complies with the provisions of the EAJA because both the hourly rate and number of hours related to the attorney fee request are reasonable. *See* 28 U.S.C. § 2412(d)(2)(A).

**Accordingly,**

**IT IS ORDERED** that the Amended Motion for Attorney Fees (Docs. 19 and 21 is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff is awarded attorney fees in the amount of $4,636.41.

**IT IS FURTHER ORDERED** that if, after receiving the Court's EAJA fee order, the Defendant determines upon effectuation of the Court's EAJA fee order that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, the fees will be made payable to Plaintiff's attorneys. However, if there is a debt owed that is subject to offset under the Treasury Offset Program, the remaining EAJA fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorneys at: Hallinan & Killpack Law Firm, 5240 E. Pima St., Tucson AZ, 85712.

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that the Clerk of the Court shall amend the Judgment accordingly.

Dated this 2nd day of January, 2019.

_____
Honorable David C. Bury
United States District Judge